IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEVEN DELAINE, #58546-018                                          PETITIONER

VS.                                         CIVIL ACTION NO.   3:16-cv-938-CWR-FKB

WARDEN L. SHULTS, ET AL.                                         RESPONDENTS

REPORT AND RECOMMENDATION

This cause is before the Court on the Petition for Writ of Habeas Corpus filed by Steven Delaine pursuant to 28 U.S.C. § 2241. The government has filed a Response [10], to which Delaine has not filed a rebuttal. For the reasons discussed below, the undersigned recommends that the Petition be dismissed for lack of jurisdiction.

I. PROCEDURAL BACKGROUND

When Petitioner Delaine filed this action, he was incarcerated at FCI-Yazoo City and serving a sentence imposed by the United States District Court for the Middle District of Florida. [1] at 1. On July 11, 2013, Delaine pleaded guilty to three charges of a three-count indictment for possession with intent to distribute cocaine base (count one), possession with intent to distribute 28 grams or more of cocaine base (count two), and possession of a firearm affecting interstate commerce by a convicted felon (count three). [10-1] at 2-3. On October 3, 2013, the Middle District of Florida sentenced Delaine to three concurrent terms of imprisonment of 180 months, to be followed by three concurrent terms of supervised release. *Id.* at 3. The court sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1 based on three Florida state-court convictions for sale of cocaine and possession with intent to sell cocaine. *Id.*

1

Delaine did not file a direct appeal of his guilty plea with the Eleventh Circuit Court of Appeals. *Id.* Instead, on May 28, 2014, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, in which he argued that he was improperly classified as a career offender under U.S.S.G. § 4B1.1, citing *Descamps v. United States*, 133 S.Ct. 2276 (2013). *Id.* at 2-5. The Middle District of Florida denied relief, finding that the Supreme Court had not declared *Descamps* to be retroactively applicable on collateral review. *Id.* at 5. The court also rejected Delaine's argument that he suffered ineffective assistance of counsel when his trial counsel failed to challenge his career offender classification, concluding that "[t]here can be no question that the Plaintiff's three prior drug convictions under Florida law fell squarely within the ambit of a controlled substance offense as defined in U.S.S.G. § 4B1.2(b)." *Id.* Delaine appealed the decision, and the Eleventh Circuit denied a certificate of appealability. [10-2] at 3.

## II. DISCUSSION

Delaine has filed the present § 2241 action, arguing that he is entitled to invoke the "savings clause" exception of § 2255 because his underlying state drug convictions no longer qualify as controlled substance offenses pursuant to *Begay v. United States*, 128 S.Ct. 1581 (2008) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). [2] at 2. He reasons, therefore, that he is innocent of being an armed career criminal, and his resulting sentence is now invalid. *Id.* at 3.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997)(errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Delaine contends that he may

2

nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Delaine's reliance on *Begay*, 128 S.Ct. at 1581, does not provide him relief under the savings clause, as that decision was issued in 2008, and he could have employed its logic when he filed his first § 2255 motion in May 2014. Likewise, *Hinkle*, 832 F.3d at 569, fails to provide Delaine access to the savings clause. To benefit from the savings clause, a petitioner must invoke an appropriate Supreme Court decision. *Hinkle*, however, was issued by the Fifth Circuit. Moreover, the *Hinkle* panel's reliance on *Mathis v. United States*, 136 S.Ct. 2243 (2016), does not assist Delaine. *Hinkle*, which involved the direct appeal of a conviction, concluded that the defendant's prior Texas conviction for delivery of heroin did not qualify as a "controlled substance offense" within the meaning of the United States Sentencing Guidelines. *Hinkle*, 832 F.3d at 569. Even so, *Mathis* did not set out a new rule of constitutional law that is retroactively applicable on collateral review, as required under the savings clause. *See United States v. Samarripa*, 697 Fed. App'x 374 (5th Cir. 2017)(*per curiam*)(citing *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016)(*per curiam*)). Therefore, Delaine's reliance upon *Begay* and *Hinkle* is misplaced.

Finally, it is well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause, and are therefore not

3

cognizable under § 2241, because the clause requires a showing of actual innocence of the underlying offense.  *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010)(claim of actual innocence of career offender enhancement is not a claim of actual innocence of the crime of conviction); *see also Padilla v. United States*, 416 F.3d 424, 426-427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-214 (5th Cir. 2000); *Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000).

### III. CONCLUSION

Because Delaine cannot challenge his sentence enhancement under U.S.S.G. § 4B1.1 pursuant to § 2241, this Court is without jurisdiction over the petition. Accordingly, this petition should be dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues.  *See Pack*, 218 F.3d at 454-455.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of January, 2019.

            /s/ F. Keith Ball
           UNITED STATES MAGISTRATE JUDGE